IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BLACKSTONE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRANS UNION, LLC, et al. | : | NO. 23-1726 |

## ORDER-MEMORANDUM

**AND NOW**, this 19th day of July, 2023, upon consideration of Defendant JPMorgan Chase Bank, N.A.'s "Motion to Dismiss Plaintiff's Complaint for Improper Venue, or Alternatively, to Transfer Venue" (Docket No. 27), Plaintiff's Response thereto, and Defendant JPMorgan Chase Bank, N.A.'s "Motion for Leave to File a Reply Brief" (Docket No. 34), and for the reasons set forth below, **IT IS HEREBY ORDERED** as follows:

1. The Motion for Leave to File a Reply Brief is **GRANTED** and Exhibit 1 attached thereto is deemed filed.

2. The Motion to Dismiss or to Transfer Venue is **DENIED** in its entirety.

Plaintiff Michael Blackstone brings this Fair Credit Reporting Act ("FCRA") action against three consumer reporting agencies, Defendants Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC (the "Defendant CRAs"), and seven banks, Defendants Capital One, JP Morgan Chase Bank, Cavalry Portfolio Services, Discover Bank, Synchrony Bank, LVNV Funding, LLC c/o Resurgent Capital Services, LP, and Comenity Capital Bank (the "Defendant Banks"). Defendant JPMorgan Chase Bank, N.A. ("Chase") has moved to dismiss or to transfer the Complaint for improper venue.[1]

---

[1] Chase states in its Motion that Defendant JP Morgan Chase Bank, the name by which it is identified in the Complaint, is a nonexistent entity, and it responds to the Complaint in its legal capacity as JPMorgan Chase Bank, N.A.

The Complaint alleges that the Defendant Banks inaccurately furnished to the Defendant CRAs credit data about Plaintiff concerning numerous credit accounts, which Plaintiff maintains he never opened.  It further alleges that, in April 2022, July 2022, November 2022, and March 2023, Plaintiff disputed the inaccurate account data with the Defendant CRAs.  Each time, the Complaint alleges, the Defendant CRAs acknowledged receipt and informed the Defendant Banks of the dispute but expressed an intent to continue publishing the information.  According to the Complaint, even after the last dispute in March 2023, the Defendant Banks have continued to furnish the inaccurate account information to the Defendant CRAs, and the Defendant CRAs have continued to publish the information.  The Complaint asserts two Counts.  Count I asserts a violation of the FCRA against all Defendants and Count II asserts a claim for defamation against the Defendant CRAs.

Chase moves to dismiss the Complaint for improper venue, or alternatively, to transfer venue, arguing that Plaintiff seeks relief in the wrong court.  Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), "[w]hen venue is improper, [the] court has discretion to either dismiss the action or transfer it to the appropriate district 'in the interest of justice.'" Wolffe v. Galdenzi, Civ. A. No. 22-994, 2022 WL 14813700, at *2 (E.D. Pa. Oct. 25, 2022) (quoting 28 U.S.C. § 1406(a)); see also Fed. R. Civ. P. 12(b)(3).  "[W]hen deciding a Rule 12(b)(3) motion . . . , a court must accept as true the allegations in the complaint, although the parties may submit affidavits to support their positions." Health Robotics, LLC v. Bennett, Civ. A. No. 09-627, 2009 WL 1708067, at *2 (E.D. Pa. June 16, 2009) (citing Leone v. Cataldo, 574 F. Supp. 2d 471, 483 (E.D. Pa. 2008)).  "Because improper venue is an affirmative defense, the burden of proving lack of proper venue remains—at all times—with the defendant." Great W. Mining & Mineral Co. v. ADR Options, Inc., 434 F. App'x 83, 86 (3d Cir. 2011) (citing Myers v. Am. Dental

Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982)). "Venue does not have to be the 'best forum' for the action, as multiple districts could be proper[,] . . . and a plaintiff's choice of venue is accorded deference . . . ." MacKay v. Donovan, 747 F. Supp. 2d 496, 502 (E.D. Pa. 2010) (quoting Paul Green Sch. of Rock Music Franchising, LLC v. Rock Nation, LLC, Civ. A. No. 08-4503, 2009 WL 129740, at *2 (E.D. Pa. 2009)) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)).

The Complaint alleges that "[v]enue lies properly in this district pursuant to 28 U.S.C. § 1391(b)." (Compl. ¶ 3.) It further alleges that Plaintiff resides in Connellsville, Pennsylvania and that Defendant Trans Union, LLC ("Trans Union") has a principal place of business in Crum Lynne, Pennsylvania. The Complaint alleges that all of the other Defendants have addresses in other states, specifically, Georgia, New Jersey, Utah, Delaware, New York, South Carolina, and Ohio.

In relevant part, section 1391(b) provides that a plaintiff may file a complaint in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2). Plaintiff argues that venue is proper pursuant to § 1391(b)(2) because the factual allegations contained in the Complaint show that "'a substantial part of the events or omissions giving rise to the claim occurred' in the Eastern District of Pennsylvania." (Resp. at 6 (quoting 28 U.S.C. § 1391(b)(2))).

When a defendant challenges venue under § 1391(b)(2), we undertake a two-part inquiry. First, we "identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims." Chester v. Beard, Civ. A. No. 07-4742, 2008 WL 2310946, at *7 (E.D. Pa. June 2, 2008). Second, we "determine whether a substantial part of those acts or omissions . . .

3

'material to [those] claims . . . have occurred in the district in question.'" Id. (second and third alterations in original) (quoting Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005)).

Here, the Complaint asserts one FCRA claim against Chase. Specifically, the Complaint alleges that Chase has violated 15 U.S.C § 1681s-2(b), which provides that a furnisher of credit data, after receiving notice of a dispute from a credit reporting agency, must, inter alia, "conduct an investigation with respect to the disputed information; . . . review all relevant information provided by the consumer reporting agency; . . . [and] report the results of the investigation to the consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1). The Complaint alleges that in April 2022, July 2022, November 2022, and March 2023, (1) the Defendant CRAs notified Chase of Plaintiff's credit dispute, (2) Chase failed to investigate and review the disputed information, and (3) Chase continued, and still continues, to furnish the inaccurate credit information to the Defendant CRAs.

Chase asserts in its Motion that the Complaint fails to allege that any of these acts or omissions occurred in our District. Plaintiff counters that the Complaint sufficiently alleges that a substantial part of these acts and omissions occurred in our District because Defendant Trans Union, one of the three CRAs that notified Chase of Plaintiff's credit dispute, has a principal place of business in our District. Multiple courts considering issues of venue "in FCRA cases have found that the situs of the material events, and thus the appropriate venue, is generally the place where the defendant credit reporting agency conducted its business." Thompson v. Equifax Info. Servs., LLC, Civ. A. No. 17-902, 2018 WL 1381135, at *4 (E.D. Pa. Mar. 19, 2018) (citing Smith v. Hireright Solutions, Inc., Civ. A. No. 09-6007, 2010 WL 2270541, at *4 (E.D. Pa. June 7, 2010) (collecting cases); Bogollagama v. Equifax Info. Servs., LLC, Civ. A. No. 09-1201, 2009 WL 4257910, at *3 (E.D. Pa. Nov. 30, 2009)). The Complaint alleges that Trans Union conducts its

business in Crum Lynne, Pennsylvania, which sits within our District. See Darden v. Trans Union, LLC, Civ. A. No. 11-6310, 2012 WL 1071227, at *1 (E.D. Pa. Mar. 30, 2012) ("Trans Union has a large operation in Crum Lynne, Pennsylvania, which is in this district . . . ."). Based on the factual allegations contained in the Complaint, we may reasonably infer that (1) Trans Union sent notice of Plaintiff's credit dispute to Chase from its principal office *in our District*, and (2) that Chase furnished the inaccurate credit data to Trans Union at that same office *in our District*. Under these circumstances, we conclude that the Complaint sufficiently alleges that a substantial part of the acts or omissions giving rise to Plaintiff's FCRA claim against Chase occurred in this District.[2] Accordingly, we find that venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2), and we therefore deny Chase's Motion in its entirety.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.

---

[2] Because the Complaint names three Defendant CRAs with three different places of business, "venue may be proper in more than one district." SKF USA Inc. v. Okkerse, 992 F. Supp. 2d 432, 446 (E.D. Pa. 2014) (citation omitted). Section 1391(b)(2), however, "does not require that [we] determine the 'best' forum, or 'the forum with the most substantial events.'" Id. (first quoting Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994); then quoting Superior Precast, Inc. v. Safeco Ins. Co. of Am., 71 F. Supp. 2d 438, 444 (E.D. Pa. 1999)). Therefore, while venue may be proper elsewhere, it is clear that venue is also proper here.